## HUTCHINSON v. UNITED STATES SHIP-PING BOARD EMERGENCY FLEET CORPORATION.

(District Court, S. D. Florida.    June 29, 1926.)

No. 1790.

Corporations ⬥�net668(4)—Return of service of summons on "resident agent" of foreign corporation held insufficient under Florida statute (Rev. Gen. St. Fla. 1920, § 2604).

Under Rev. Gen. St. Fla. 1920, § 2604, requiring service of summons against a corporation, in the absence of other persons specified, on a "business agent" of defendant residing in the state, or, in case of a foreign corporation, on an agent "transacting business" for it in the state, a return of service on a "resident agent" is insufficient.

At Law.    Action by Gov. Hutchinson, receiver of the Jacksonville Shipping Corporation, against the United States Shipping Board Emergency Fleet Corporation.    On motion by defendant to set aside service of summons.    Granted.

John W. Dodge, of Jacksonville, Fla., for plaintiff.

Wm. M. Gober, U. S. Dist. Atty., of Tampa, Fla., and Francis L. Poor, Asst. U. S. Dist. Atty., of Jacksonville, Fla., for defendant.

CALL, District Judge.    A summons in this action, commenced in the state circuit court for Duval county, was served upon one J. B. Harper as a resident business agent of the defendant residing in the state of Florida, in the absence of the officers named upon whom summons could be first served.

The defendant appeared specially, for the purpose of contesting the service, and filed a motion to set aside the service of the process of summons and return of the sheriff thereon, on the ground that the service was upon the resident agent of the defendant, whereas the statute requires that the summons be served on, any officer or business agent resident in the state of Florida, and said Harper is not an officer or business agent of the defendant.    An affidavit of Harper is attached to and made a part of the return.

Section 2604 of R. G. S. of the state of Florida provides for service on domestic corporations.    After naming the officers, it contains the following: "4. Upon any officer or business agent, resident in the state of Florida."    The return of the sheriff shows that the service was upon Harper, "a resident agent" of the defendant, residing in the state.

The portion of the section as to service upon foreign corporations is "5," which permits the service of summons, in the absence of the persons mentioned in the first, second, third, and fourth subdivisions, upon an "agent transacting business" for it in the state.    The defendant did not submit itself to the jurisdiction of the state court, but by its special appearance reserved the right to contest the service and return of the sheriff.

As I read the return of the sheriff upon the summons, it is not sufficient under either clause 4 or 5 of the section to vest the state court with jurisdiction over the person of the defendant.    There is a great difference between a "business" agent residing in the state and a mere agent, who may have his residence or domicile in the state.

The motion to quash will therefore be granted.